IN THE DISTRICT COURT OF MIDDLE TENNESSEE
NASHVILLE DIVISION

FILED
2012 JUL -6 PM 1:44
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

NEWSBOYS, and WESLEY CAMPBELL ]
]
PLAINTIFFS ]
]
V. ] CASE NO: 3:12cv678
]
WARNER MUSIC INC., ]
(Aka Warner Music Group Inc.) ]
WARNER BROS. RECORDS INC., ]
WARNER MUSIC INTERNATIONAL, and ]
NEW BOYZ, EARL "Ben J" BENJAMIN, ]
DOMINIC "Legacy" THOMAS, ]
]
DEFENDANTS ]

## VERIFIED COMPLAINT

Comes now Plaintiffs, The Newsboys Inc. and Wesley Campbell, by and through their counsel of record and for cause of action would state and show the following.

This is an action at law and equity to remedy acts of trademark infringement under 15 U.S.C. §1114; unfair competition under 15 U.S.C. §1125(a); infringement and unfair competition under the common law of the State of Tennessee and the Tennessee Trademark Statute, T.C.A. §47-25-515 and §47-25-513; and deceptive trade practices and unjust enrichment in violation of the common law of the State of Tennessee, *et.seq.*

## PARTIES

1. The Plaintiff, Newsboys, Inc. is an active corporation filed and maintained in the state of Tennessee.

2. The Plaintiff, Wesley Campbell is a resident and citizen of Franklin, Tennessee.

3. "Newsboys" is a registered trade name owned by Plaintiff, Wesley Campbell and is actively maintained in the state of Tennessee and in the United States Federal Trademark/Trade name Office.

4. The Defendant Warner Music Inc. ("WMI") previously known as Warner Music Group Inc.; upon information and belief, is a Delaware corporation with its principle office located at 75 Rockefeller Plaza, New York, New York 10019.

5. The Defendant, Warner Bros. Records Inc., upon information and belief is a subsidiary of WMI and its distributor of music within the domestic United States, with its primary office located at 3300 Warner Blvd, Burbank, CA 91510.

6. The Defendant, Warner Music International, upon information and belief is a subsidiary of WMI and its distributor of music outside of the United States and can be served via the parent company at 75 Rockefeller Plaza, New York, New York 10019.

7. The Defendant, New Boyz is an American hip hop/rap group made up of co-defendants Earl Benjamin and Dominic Thomas and managed by Warner Bros. Records to perform/create musical entertainment and can be served via its management company at 75 Rockefeller Plaza, New York, New York 10019.

8. Defendant Earl Benjamin is a founding member of the New Boyz and is managed by Warner Bros. Records to perform/create musical entertainment and can be served via his management company at 75 Rockefeller Plaza, New York, New York 10019.

9. Defendant Dominic Thomas is a founding member of the New Boyz and managed by Warner Bros. records to perform/create musical entertainment and can be

served via his management company at 75 Rockefeller Plaza, New York, New York 10019.

## VENUE AND JURISDICTION

10. This Court has jurisdiction over the subject matter of this action because this action arises under the Federal Trademark Act, 15 U.S.C. §1051-1127 and jurisdiction is conferred in accordance with 15 U.S.C.§1121. Supplemental jurisdiction is proper over the causes of action arising under Tennessee law because they are substantially related to those causes of action over which the Court has original jurisdiction, pursuant to 28 U.S.C.§1367. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. §1331 because of the diverse citizenship of the parties and because the amount in controversy in this matter exceeds the sum of seventy-five thousand dollars, ($75,000.00), exclusive of interest and costs.

11. Personal jurisdiction and venue are proper in this Court because the Defendants have purposefully availed themselves in the State of Tennessee and of this district by choosing to transact business herein. Further, upon information and belief, Defendants have clients located in the State of Tennessee and this district, and thereby have committed and will continue to commit acts of infringement in the State of Tennessee and this district unless promptly enjoined by this Court.

## FACTS

12. The Plaintiff, Wesley Campbell owns and manages the Christian music group the Newsboys. Plaintiff has invested millions of dollars and many years of hard work to promote his band, Newsboys. Newsboys are known throughout the Christian music community.

13. Newsboys are also an internationally successful band which was formed 26 years ago and has been a staple in the Christian music industry; with 28 #1 singles. In 1996, Newsboys had a general market recording contract with Virgin Records.

14. Newsboys have produced recorded music throughout its existence receiving multiple music nominations and awards by the Grammy Awards, Dove Awards and Billboard Music Video Awards.

15. In 2012 Newsboys were voted Readers' Choice Awards Best Christian Rock Band.

16. From 2008 until the present time, Newsboys have produced four (4) albums (2008, 2009, 2010 and November 2011).

17. Newsboys adopted their name and trademark on March 29, 1994 and have continually used this name in the music industry.

18. Plaintiff is the owner of all right, title and interest in and to the following U.S. Paten and Trademark Office federal trademark registrations and applications:

19. Registration No. 1828612 is conclusive evidence of the validity of the registered name Newsboys.

20. Plaintiff's trade name has been consistently used and branded in print, web based and other media advertising in connection with its Christian based music. Based on Plaintiff's extensive, exclusive and continuous use of the trade name "Newsboys", consumers have come to recognize the name and to associate and identify Newsboys with the Plaintiff and with Christian based music.

21. In March of 2009, Michael Tait, former singer with seminal Christian hip-hop group DcTalk, replaced Peter Furler as lead singer of the Newsboys.

22. On or near December 8, 2011, on the heels of releasing their highly acclaimed rock worship project, God's Not Dead (Nov. 15 on Inpop Records), the Newsboys announced that they would embark in the spring of 2012 on their "God's Not Dead Tour." The tour is scheduled to run from Jan 12, 2012 through May 5, 2012 and the tour will run in over sixty (60) markets across the U.S.

23. A special emphasis has been placed on outreach and evangelism, with youth evangelist Bob Lenz joining the tour to share a message of hope. Mr. Lenz's non-profit organization, Life Promotions, is working to build a network of supporting churches throughout the tour to facilitate the post-concert evangelistic efforts of the tour, with additional support from I Am Second[1]. Of special note: In 1991, Newsboys released their third studio album *"Boys Will Be Boyz"*.

24. In 2009, Warner Bros. Records signed the hip hop/rap group "New Boyz."

25. In 2011, Warner actively promoted the group on its official internet web page as follows: "Partying on the way to the club never came easier with "Backseat"; the latest single from New Boyz's was released in 2011. Do it Mercedes-Benz style."

26. The New Boyz music is sexually charged and the lyrics are sexually explicit in content.

27. The lead singer for the Newsboys, Michael Tait and the members of the Warner Bros. Group New Boyz, are of the same ethnic and hip hop origins.

28. Defendants use of the name "New Boyz" is virtually identical to Plaintiff's trade name and recorded music album. When the term "New Boyz" is applied to music, Defendant's name, "Newboyz", is highly likely to be confused with Plaintiff's

---

[1] I Am Second, is a movement meant to inspire all people to live for God and for others, and is designed to help people discover their purpose in life.

trade name. Furthermore, it is highly likely that consumers will mistake Defendant's name for that of Plaintiff. Plaintiff has already documented several instances of actual confusion among its customers, prospective customers and other outside observers who mistakenly assume a connection between Plaintiff and Defendant and the respective music they offer.

29. Defendant's name is so similar in terms of appearance, sound, meaning and connotation as to be deceptively similar to Plaintiff's trade name under the meaning of Section 2(d) of the Trademark Act, and will cause confusion and lead to the deception of consumers as to the origin of Defendant's goods and services.

30. Plaintiff markets its music through word of mouth, various advertising media and the internet. Upon information and belief, Defendant also markets its services through these same channels.

31. Because of Plaintiff's federal trade name registration and its longstanding omnipresence in the field of music, Defendants undoubtedly had actual notice of Plaintiff and his trade name, or was, at the very least, on constructive notice of the trade name. Consequently, Defendants knowingly and willfully infringed Plaintiff's trade name in an effort to trade on Plaintiff's well established goodwill in its trade name and services for Defendant's own financial and reputational gain. Actual notice has been served.

## CAUSE OF ACTION

32. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

## TRADENAME INFRINGEMENT, CLAIM FOR INJUNCTIVE RELIEF

33. This cause of action arises under Section 32 of the Lanham Act, 15 U.S.C. §1114.

34. Defendant's use of the trade name as alleged above is likely to cause and actually has caused confusion, mistake, and/or deception as to the source, sponsorship or approval of the Plaintiff, such that consumers are likely to believe that Defendant is in some way connected with, sponsored or licensed by or otherwise related to Plaintiff.

35. Defendant's use of the trade name was made with actual and/or constructive knowledge of Plaintiff's rights in the trade name.

36. The conduct of Defendants was and is knowing, willful and intentional. As a result of Defendant's violation of Plaintiff's exclusive rights in and to the trade name, Plaintiff is entitled to an injunction pursuant to 15 U.S.C. §1116, prohibiting any further use of Plaintiff's trade name, as well as an award of Defendant's profits, any damages sustained by Plaintiff in an amount to be proven at trial, and the costs of this action, all of which are set forth in 15 U.C.S. §1117.

37. Defendant's use of a confusingly similar trade name constitutes trademark infringement under the Lanham Act, 15 U.S.C. §1114(1).

38. Pursuant to 15. U.S.C.§1118, Plaintiff is entitled to an order that all labels, signs, prints, packages, wrappers, posters, flyers and advertisements in Defendant's possession bearing Plaintiff's trade name or any confusingly similar trade name or service name be delivered to Plaintiff for destruction.

39. Plaintiffs are without an adequate remedy at law because Defendant's infringement has caused and will continue to cause great irreparable injury to Plaintiffs.

Unless this Court enjoins these acts, they will persist and Plaintiffs will continue to suffer great and irreparable injury to his/its intellectual property rights and the erosion of its longstanding goodwill in the trade name.

40. Defendant's actions constitute a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C.§1125(a), entitling Plaintiff to an award of Defendant's profits, any damages sustained by Plaintiff in an amount to be proved at trial, and the costs associated with this action, all pursuant to 15 U.S.C.§1117.

41. Because Defendant's actions constitute a willful violation of Section 43(a) of the Lanham Act, 15 U.S.C.§1125(a), Plaintiff requests this Court to enter judgment for three (3) times the amount of Plaintiff's actual damages, pursuant to 15 U.S.C.§1117. moreover, because of the willful nature of Defendant's violation of Plaintiff's trade name rights, this case constitutes an exceptional case entitling Plaintiff to an award of reasonable attorney fees, pursuant to 15 U.S.C.§1117.

## STATE TRADEMARK INFRINGMENT, UNFAIR COMPETITION AND MISAPPROPRIATION

42. Plaintiffs repeat and re-allege each and every allegation contained n paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43. This claim arises under Tennessee Code Annotated, §47-25-512 and the common law of Tennessee, and seeks redress for acts of trademark infringement, unfair competition and misappropriation.

44. By its actions, Defendants intends to pass off and represent its name and music as that being offered by, approved by, affiliated and/or sponsored by the Plaintiffs.

45. Defendant's unlawful activities constitute trademark infringement, unfair competition and misappropriate as proscribed by common law and statute.

46. As a result of Defendants unfair competition, Plaintiffs have suffered and will continue to suffer irreparable harm for which Plaintiffs have no adequate remedy at law.

47. Plaintiffs are entitled to any and all remedies available under Tennessee law for unfair competition, including damages in an amount to be proved at trial, as well as preliminary and permanent injunctive relief.

48. Defendants acts of trademark infringement, unfair competition and misappropriation have caused Plaintiffs to sustain monetary damages, loss and injury in an amount to be determined at the time of trial.

49. Defendants have engaged and continue to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against it/them in an amount to be determined at trial.

50. Defendants acts of trademark infringement, unfair competition and misappropriate name representation, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damages, loss and injury for which Plaintiffs have no adequate remedy at law.

## DECEPTIVE TRADE PRACTICES AND FRAUDULENT MISREPRESENTATION

51. Plaintiffs repeat and re-allege each and every allegation contained n paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. Defendants have and are engaged in acts and practices that constitute violation of the prohibition against deceptive trade practices found in T.C.A. §47-18-104 et seq.

53. Defendants have used and ares using Plaintiff's trade name in such a manner as to misrepresent the source, sponsorship, approval and/or certification of its financial services. The use of the Plaintiff's trade name by Defendants creates the unreasonable risk that consumers will conclude that there exist some affiliation, connection, or association between Plaintiffs and Defendants.

54. The natural and probable effect of Defendants use of the trade name in the manner alleged is to enable Defendants to deceive and confuse the public.

55. Defendants use of Plaintiff's trade name in the manner alleged constitutes deceptive trade practices of the type prohibited by T.C.A. §47-18-104 *et. seq.*

56. Defendants unfair business practices are of a recurring nature and are harmful to the consumers and the public at large, as well as to Plaintiffs. These practices constitute unlawful, unfair, fraudulent and deceptive business practices and unfair, deceptive, untrue and misleading advertising. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Plaintiffs further immediate and irreparable damage.

57. Plaintiffs are without an adequate remedy at law because Defendants acts as set forth herein are causing great and irreparable damage to Plaintiffs and will continue to damage Plaintiffs unless enjoined by this Court.

## REQUEST FOR JURY TRIAL

58.     Plaintiffs hereby make a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues so triable.

**WHEREFORE, PLAINTIFF PRAYS:**

1.     That proper process be served on the Defendants and they be required to appear and answer, but their oath thereto is expressly waived.

2.     That the Defendants be held liable under each claim for the relief set forth in this Complaint.

3.     The Court preliminarily and permanently enjoin the Defendants, its agents, servants, employees, and attorneys and all other persons in active concert or participation with it from using Plaintiff's trade name and any other confusingly similar variation of such trade name, as a trade mark or service mark, or any advertising, distribution, sale or offering for sale of Defendants products and/or services in any medium or manner whatsoever.

4.     The Defendants be required to pay to Plaintiff all damages it has suffered by reason of Defendants unlawful acts set forth herein, together with legal interest from the date of accrual thereof.

5.     The Defendants be required to account for and pay to Plaintiff all profits wrongfully derived by Defendants through its/their unlawful acts set forth herein, together with legal interest from the date of accrual thereof.

6. The Defendants be required to pay punitive damages to Plaintiff, as determined by this Court, for Defendants deliberate and willful trademark infringement and unfair competition.

7. The Defendants be required to pay to Plaintiff its reasonable attorney fees, pursuant to 15 U.S.C. §1117, Tennessee statutory law and the equitable powers of this Court.

8. The Defendants be required to pay to Plaintiff the cost of this action.

9. For any other general and further relief.

Respectfully Submitted,

SHAWN P. SIRGO, #25693
2300 21ST AVENUE SOUTH
SUITE 200
NASHVILLE, TENNESSEE 37212
(615) 463-9654
ATTORNEY FOR PLAINTIFF