IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NEWSBOYS, INC., and<br>WESLEY CAMPBELL,<br><br>    Plaintiffs,<br><br>v.<br><br>WARNER MUSIC INC., WARNER<br>BROS. RECORDS, INC., WARNER<br>MUSIC INTERNATIONAL, and<br>NEW BOYZ, EARL "Ben J"<br>BENJAMIN and DOMINIC<br>"Legacy" THOMAS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:12-0678<br>Chief Judge Haynes |

MEMORANDUM

Plaintiffs, Newsboys, Inc., and Wesley Campbell, filed this action under the Lanham Act 15 U.S.C. §§ 1114 and 1125(a) against the Defendants: Warner Music, Inc., Warner Bros. Records, Inc., Warner Music International and New Boyz[1], Earl "Ben J" Benjamin and Dominic "Legacy" Thomas. Plaintiffs allege their ownership of the trademark, "Newsboys," a Christian-based religious music group and that the Defendants promote and or use the name "New Boyz," a musical group that sings hip-hop with "sexually-charged, "sexually-explicit," lyrics. Plaintiffs allege that use of the Defendants' use of the name "New Boyz" violates Plaintiffs' rights to their mark under federal and state laws.

Before the Court is the motion to dismiss (Docket Entry No. 17) filed by the Defendants: Warner Music, Inc., Warner Bros. Records, Inc., Earl Benjamin and Dominic Thomas,

---

[1]Neither Warner Music International nor New Boyz is alleged to be a legal entity.

1

contending, in sum: (1) that Plaintiffs do not allege that Newboys, Inc., actually owns or has an ownership interest in the "New Boyz" trademark; (2) that Plaintiffs do not allege facts for any likelihood of confusion between the "Newsboys" and "New Boyz" marks or names; (3) that Plaintiffs do not allege facts for a registered trademark in Tennessee for their claims under the Tennessee Trademark Act; and (4) that Plaintiffs' factual allegations for their claims of "deceptive trade practices" and "fraudulent misrepresentation," fail to comply with the heightened pleading standards for such claims under Federal Rule of Civil Procedure 9(b).

### A. Analysis of the Complaint

Plaintiff Newsboys, Inc. is a Tennessee corporation and Plaintiff Wesley Campbell, is a Tennessee citizen who is the sole owner of the trademark "NEWSBOYS" ("Newsboys") trademark that is registered with the United States Patent and Trademark Office (Registration No. 1828612). (Docket Entry No. 1, Complaint at ¶¶ 1, 3). The "Newsboys" trademark is limited to "live musical performances of a religious nature rendered by a group." (Docket Entry No. 18 at Exhibit A, attachment thereto). Campbell also owns and manages the religious music group "Newsboys" ("Newsboys Band") and uses the "Newsboys" trademark for his "Christian based" music performances with a "special emphasis...on outreach and evangelism." Id. at ¶¶ 12, 20, 23. Newsboys is alleged to be a "staple in the Christian music industry". Id. at ¶ 13.

Warner Music Inc. ("WMI") is a Delaware corporation, with its principal place of business in New York. Id. at ¶ 4. Plaintiffs' complaint does not allege any additional facts about WMI. Warner Bros. Records Inc. ("WBR") is a Delaware corporation, with its principal place of business in California. Id. at ¶ 5. New Boyz created in 2009 and is an "American hip/hop group made up of co-defendants Earl Benjamin and Dominic Thomas." Id. at ¶¶ 7-9, 24. Plaintiffs

2

allege that New Boyz is "managed by" WBR and that "New Boyz music is sexually charged and the lyrics are sexually explicit in content." Id. at ¶¶ 7, 26.

Plaintiffs allege that "it is highly likely that consumers will mistake Defendant's name for that of Plaintiff. Plaintiff has already documented several instances of actual confusion among its customers, prospective customers and other observers who mistakenly assumed a connection between Plaintiff and Defendant and the respective music they offer." Id. at ¶ 28. Plaintiffs also assert that "Defendant's name is so similar in terms of appearance, sound, meaning and connotation as to be deceptively similar to Plaintiff's trade name." Id. at ¶ 29. Plaintiffs allege that the "Defendant also markets its services" through "word of mouth, various advertising media and the internet" and thus, "will cause confusion and lead to deception of consumers as to the origin of Defendant's goods and services." Id. at ¶¶ 29, 30.

### B. Conclusions of Law

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 8(e), "[p]leadings must be construed so as to do justice." Yet, under Fed. R. Civ. P. 9(b), claims for fraud "must [be] state[d] with particularity the circumstances constituting fraud." The judicial standard for a motion to dismiss requires that the complaint's factual allegations "raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint is legally insufficient "if it tenders naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. On a motion to dismiss, the Court accepts well-pled

3

factual allegations as true and construes such allegations in the light most favorable to the Plaintiffs, with all reasonable inferences in the Plaintiffs' favor. Bassett v. Nat'l Collegiate Athletic Assn, 528 F.3d 426, 430 (6th Cir. 2008).

As to Defendant WMI, Plaintiffs' complaint alleges only that WMI "is a Delaware corporation with its principal office located at 75 Rockefeller Plaza, New York, New York 10019" (Docket Entry No. 1, Complaint at ¶ 4) and that "Defendant, Warner Bros. Records Inc., upon information and belief is a subsidiary of WMI and its distributor of music within the domestic United States." Id. at ¶ 5.

To evaluate a claim against WMI, as the corporate parent of WBR, its subsidiary, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation ... is not liable for the acts of its subsidiaries." United States v. Bestfoods, 524 U.S. 51, 61 (1998). To state a claim against a parent company for its subsidiary's acts, Plaintiffs must allege facts suggestive that "'such a complete identity between the defendant and the corporation [exists] as to suggest that one was simply the alter ego of the other'." Precision, Inc. v. Kenco/Williams, Inc., 66 Fed. Appx. 1, 4 (6th Cir. 2003)(citation omitted). Here, Plaintiffs fail to allege any facts suggestive of WMI as the "alter ego" of WBR or factual allegations suggestive of "fraud or similar injustice" to warrant piercing WMI's corporate veil. Southeast Texas Inns, Inc. v. Prime Hospitality Corp., 462 F.3d 666, 674 (6th Cir.2006) (applying Tennessee law, the Sixth Circuit stated that "fraud or similar injustice" required to pierce the corporate veil). Absent "facts to state a claim to relief that is plausible on its face," the Court concludes that Plaintiffs' claims against WMI as the corporate parent fail as a matter of law to state a claim for relief. See City of Columbus, Ohio v. Hotels.com, L.P., 693 F.3d 642,

648 (6th Cir. 2012)(citations and internal quotation marks omitted). Thus, the Court concludes that WMI's motion to dismiss should be granted.

As to Plaintiff Newsboys, Inc., Plaintiffs' complaint alleges only Plaintiff Newsboys, Inc.'s status as a Tennessee corporation. Plaintiff Campbell alleges that he is the owner of "all right, title and interest" in the Newsboys Trademark. (Docket Entry No. 1, Complaint at ¶¶ 3, 18). Under the Lanham Act actions for trademark infringement, standing is conferred only upon the "registrant" of the mark,15 U.S.C. § 1114(1), or the registrant's "legal representatives, predecessors, successors and assigns." 15 U.S.C. § 1127. In limited circumstances, an exclusive licensee can confer standing under the Lanham Act, if the exclusive licensee has "rights that amount to those of an assignee." Nat'l Licensing Ass'n, LLC. v. Inland Joseph Fruit Co., 361 F. Supp. 2d 1244, 1254 (E.D. Wash. 2004). Plaintiffs have not pled any facts that Newsboys, Inc. owns or has a legal right to enforce the "New Boyz" mark. Thus, the Court concludes that Plaintiff Newsboys, Inc.'s claims should be dismissed for lack of standing.

For trademark infringement actions, the general rule is that "dismissal for failure to state a claim upon which relief can be granted is appropriate in only the most extreme trademark infringement cases, such as where goods are unrelated as a matter of law, since the likelihood of confusion is generally a question of fact." Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 613 (6th Cir. 2009) (quoting 32 Federal Procedure, Lawyer's Edition § 74:507 (2008)). Sections 32 and 43(a) of the Lanham Act require a likelihood of confusion between "Newsboys" and "New Boyz," to be actionable. Under the Lanham Act, a plaintiff must allege that the defendant has created a "likelihood of confusion" as to the origin of its products or services. Frisch's Restaurants, Inc. v. Elby's BigBoy of Steubenville, Inc., 670 F.2d 642, 646-50 (6th Cir. 1982).

5

"[T]he likelihood of confusion analysis also involves a preliminary question: whether the defendants 'are using the challenged mark in a way that identifies the source of their goods.' If they are not, then the mark is being used in a 'non-trademark way' and trademark infringement laws, along with the eight-factor analysis, do not even apply." Hensley, 579 F.3d at 610 (citation and internal quotation marks omitted). "[W]hether a given set of foundational facts establishes a likelihood of confusion is a legal conclusion." Therma–Scan, Inc. v. Thermoscan, Inc., 295 F.3d 623, 631 (6th Cir.2002). Although the "likelihood of confusion" test has several factors, where "there was no likelihood of confusion as to the source of the products, it was 'unnecessary for the district court to examine the eight factors traditionally used to determine likelihood of confusion between two source-signifying marks'." Hensley, 579 F.3d at 610 (quoting Interactive Prods. v. a2z Mobile Office Solution Inc., 326 F.3d 687, 695 (6th Cir.2003).

In Hensley, the Sixth Circuit noted that "Hensley Manufacturing contends that 'facts *may exist* that establish a level of consumer confusion' and that 'facts *may exist* that establish that "Hensley" is not being used fairly and in good faith." Id. (emphasis in the original). The Sixth Circuit affirmed the order of dismissal stating the "mere speculation is insufficient; it was Hensley Manufacturing's burden to allege those facts, if they indeed exist, in the first instance. Simply put, Hensley Manufacturing failed to state a claim for relief that is "plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). The Sixth Circuit noted that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully". Id. (quoting Iqbal, 556 U.S. at 678).

A "registrant's exclusive right to use the registered mark in commerce" is limited to "the goods or services specified in the registration subject to any conditions or limitations stated

6

therein" and "shall not preclude another person from proving any legal or equitable defense." 15 U.S.C. § 1114(a). "A registered trademark holder's protectable interest is limited to those goods or services described in its registration." Applied Info. Sciences Corp. v. eBAY, Inc., 511 F.3d 966, 970 (9th Cir. 2007). Section 33 of the Lanham Act, 15 U.S.C. § 1115, protects Campbell's "exclusive right" to use the registered mark "Newsboys", but is limited to the "services specified in the registration," that is, "live musical performances of a religious nature rendered by a group."

Although Plaintiff Campbell's complaint alleges some "documented" instances of actual consumer confusion, Plaintiff Campbell does not allege specific facts as to how those consumers were confused as to the origin or sponsorship of the band "New Boyz" and the "NewsBoys" mark. Plaintiff Campbell uses the "NewsBoys" mark to offer religious music. Defendants allegedly use the "New Boyz" name to promote and perform "sexually explicit" hip-hop music. Plaintiffs do not allege that the New Boyz group is offering "live musical performances **of a religious nature,**" but instead allege that "New Boyz" is an "American hip/hop group" with music that is "sexually charged" and "sexually explicit in content". (Docket Entry No. 1 Complaint. at ¶¶ 7-9 and 26 and Docket Entry No. 18 Exhibit SA thereto) (emphasis added).

As in Hensley and Interactive Products, consumer confusion was alleged, but was found not to be plausible. As the Sixth Circuit observed in Hensley, "the appearance of a plaintiff's trademark in the post-domain path of the defendant's website would not cause consumer confusion regarding the source of the website or the products on it." 579 F.3d at 610. Similarly, based upon Plaintiffs' factual allegations in their complaint, these music types are wholly unrelated. Thus, given the stark differences in Plaintiff's "Christian-based music" versus New

7

Boyz's "sexually-charged" hip-hop music, the Court deems it implausible that "Newsboys" and "New Boyz" are likely to cause confusion in the marketplace.

As to whether Defendants' alleged acts constitute a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiffs must allege: (1) the false designation must have a substantial economic effect on interstate commerce; and (2) the false designation must create a likelihood of confusion. Johnson v. Jones, 149 F.3d 494, 502 (6th Cir.1998). For the reasons stated above, Plaintiffs do not present any factual allegations as to how the Defendants' acts cause a likelihood of confusion. Plaintiffs also fail to allege that any alleged infringement has had a "substantial economic effect on interstate commerce." Plaintiffs allege only that Defendants "will continue to commit acts of infringement in the State of Tennessee." (Docket Entry No. 1, Complaint at ¶ 11).

As to Plaintiffs' state law claims, Plaintiffs do not allege specific facts that they have a registered mark in Tennessee. In any event, the Court's rationale and conclusions on Plaintiffs' Lanham Act claims apply with equal force to Plaintiffs' state law claims.

For these reasons, the Court concludes that the Defendants' motion to dismiss (Docket Entry No. 17) should be granted, but the Court will grant Plaintiff Campbell ten (10) days to file an amended complaint with specific facts of plausible confusion in the marketplace.

An appropriate Order is filed herewith.

ENTERED this the 18th day of April, 2013.

William J. Haynes, Jr.
Chief Judge
United States District Court