IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NEWSBOYS and )
WESLEY CAMPBELL, )
)
Plaintiffs, )
v. ) No. 3:12-cv-0678
) Chief Judge Haynes
WARNER BROS. RECORDS INC., )
WARNER MUSIC INTERNATIONAL, and )
NEW BOYZ, EARL "Ben J" BENJAMIN, )
and DOMINIC "Legacy" THOMAS, )
)
Defendants. )

MEMORANDUM

Plaintiffs, Newsboys, Inc.[1] and Wesley Campbell, filed this action under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), against Defendants: Warner Bros. Records Inc., Warner Music International, and New Boyz, Earl "Ben J" Benjamin and Dominic "Legacy" Thomas. Plaintiffs allege ownership of the trademark "Newsboys" and assert that Defendants' use of the "New Boyz" name infringes their rights under the Lanham Act, the Tennessee Trademark Act, §§ 47-25-513 and 47-25-515, and Tennessee common law.

In earlier proceedings, the Court granted the Defendants' motion to dismiss Plaintiffs' claims. (Docket Entry Nos. 27 and 28). In sum, the Court concluded that Plaintiff Newboys Inc. lacked standing to assert any claim for the alleged infringement and Plaintiff Campbell had not alleged sufficient facts to state a claim against Defendant Warner Music Inc., the corporate parent

---

[1] Although the caption of the Plaintiffs' first amended complaint lists "Newboys" as a co-plaintiff, the text of that complaint describes "Newsboys Inc." as the co-plaintiff. (Docket Entry No. 31, First Amended Complaint at ¶ 1).

of its subsidiaries that are named in this action. (Docket Entry Nos. 28, Memorandum at 4-5). As to the remaining Defendants, the Court concluded that Plaintiff Campbell had not alleged plausible facts of the likelihood of confusion as to these trade names given their clearly different music. Id at 7-8. The Court, however, granted Plaintiff Wesley Campbell leave to provide "specific facts of plausible consumer confusion in the marketplace." Id. at 8. In response, Plaintiff Campbell filed a first amended complaint (Docket Entry No. 31) with Campbell and Newsboys, Inc. as Plaintiffs.

Before the Court is Defendants' motion to dismiss Plaintiffs' first amended complaint for failure to state a claim (Docket Entry No. 33), contending that the Court did not authorize Plaintiff Newsboys, Inc. to file an amended complaint, and that the Plaintiff Campbell again does not allege sufficient and plausible facts of any likelihood of consumer confusion given the limited protection of the Newboys's trade name to Christian music and the distinct difference from New Boyz's rap and hip-hop music.

In response, Plaintiffs insist that their amended complaint cures the deficiencies cited by the Court and includes exhibits from consumers showing confusion between the names of the two musical groups.

For the reasons set forth below, the Court concludes that Plaintiff Newsboys Inc.llacks standing to pursue its claims because Plaintiff Campbell is the sole owner of the Newboys trade name. The Court again concludes that because Plaintiff Campbell's registered trademark is limited to "live musical performances of a religious nature rendered by a group", Plaintiff Campbell has failed to allege plausible facts of the likelihood of confusion of the two groups.

Plaintiff Campbell's exhibits do not reflect any consumer confusion about the distinctly different music of these two musical groups. Thus, the Court reaffirms its ruling that the Defendants' motion to dismiss should be granted.

### A. Analysis of the Complaint

Plaintiff Newsboys, Inc. is a Tennessee corporation (Docket Entry No. 31, First Amended Complaint, at ¶ 1). Plaintiff Wesley Campbell, a Tennessee citizen, is the sole owner of the Newsboys trade name that is registered with the federal trademark office. Id. at ¶¶ 3,11. Plaintiffs allege that the Newsboys is a Christian musical group and a successful cross over band. Id. at ¶¶ 11-12. The Newsboys registered trade name is limited to "live musical performances of a religious nature rendered by a group." (Docket Entry No. 18, Memorandum in Support of Defendants' Motion to Dismiss, attachment thereto, Exhibit A)[2]. Plaintiffs allege that Newboys is a "staple in the Christian music industry" and is known to the "secular music industry as a cross over band". (Docket Entry No. 31, First Amended Complaint, at ¶¶ 11, 12).

Warner Bros. Records Inc. is a music distributor for the United States domestic market, and has its principal place of business in California. Id. at ¶ 4. Warner Music International is an international music distributor. Id. at ¶ 5. New Boyz is a rap group managed by Warner Bros. Records Inc. and composed of Defendants Earl "Ben J" Benjamin and Dominic "Legacy" Thomas, who are founding members of that group. Id. at ¶¶ 6-8. Plaintiffs allege that New

---

[2] On a motion to dismiss, the Court may consider attachments to a complaint or documents cited in a complaint without converting the motion into a motion for summary judgment. Barany-Snyder v. Weiner, 539 F.3d 327, 333 (6th Cir. 2008); Weaver v. Prudential Ins. Co. of America, 763 F. Supp.2d 930, 938 (M.D. Tenn. 2010).

3

Boyz's music is "sexually charged" and is "directed toward the same demographic audience as the Newsboys." Id. at ¶ 25.

Plaintiffs allege that "Defendants use of the name 'New Boyz' is virtually identical to Plaintiff's trade name and cite Newboys 1991 album, entitled "Boys Will Be Boyz", as reflecting the similarity of the band and album names causing customer confusion. Id. at ¶ ¶ 22, 27-28. As instances of customer confusion, Plaintiffs attach letters to their first amended complaint reflecting letters sent to Newboyz to the Newboys' address and postings on the internet message boards. (Docket Entry No. 31-1 at 9-22). These exhibits reflect that customers contacted Plaintiffs at the wrong mailing address with requests for Newboyz's autographs, dance moves and expressions referring about Newboyz as a rap group and its recording " Jerk", but do not evince any confusion about the nature of the two music groups' music or that the two bands are affiliated. Id. at 9-18. Plaintiffs also allege that Newsboys and New Boyz market their music through the same channels, causing customer confusion and dilution of the Newsboys trademark. Id. at ¶¶ 30, 33. Plaintiffs attach a copy of a page from an internet site with the names of both groups, but this website refers to Newboyz as a "hi hop" "rap" group and their songs "You're a Jerk" and "Dope Boys"and "Lol Gone and Rest Your Pretty head, Good Night Bby Sleep Tight". This website does not refer to Newboys as a rap group and lists their songs such as "He Reigns" and "Entertaining Angels". Id. at ¶ 22.

### B. Conclusions of Law

To survive a motion to dismiss, Plaintiffs' complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550

4

U.S. 544, 555 (2007). In sum, Twobley "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" tending to prove the allegations. Id. at 556. The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although the liberal pleading standard of Rule 8 requires the Court to accept all factual allegations as true at the pleading stage, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A two-pronged approach in assessing motions to dismiss is (1)t determining which allegations are merely conclusory and not entitled to the presumption of truth and (2) using only the qualifying factual allegations to determine whether the facts alleged are sufficiently plausible to state a claim for relief. Id. at 679.

Only the registrant of a trademark or that registrant's "legal representatives, predecessors, successors, and assigns" has standing to sue for trademark infringement. 15 U.S.C. §§ 1114(1), 1127. Plaintiff Campbell alleges that he is the sole owner of the Newsboys trademark and does not allege any facts that Newsboys, Inc. has standing to assert claims for its trademark infringement claims. (Docket Entry No. 31, at ¶ 3). To be sure, a false designation of origin claim under Section 1125(a), may be asserted by "any person who believes that he or she is likely to be damaged by" the false designation of origin. 15 U.S.C. § 1125(a). Assuming some potential interest in Campbell's registered mark, Plaintiff Newboys Inc.'s allegation of injury is that Plaintiffs "will continue to suffer great and irreparable injury to his/its intellectual property rights and the erosion of its longstanding goodwill in the trade name." (Docket Entry No. 31, First

5

Amended Complaint, at ¶ 41) In any event, Plaintiff Newsboys Inc.s' allegations of injury are legal and conclusory and insufficient to confer standing. See Static Control Components Inc. v.Lexmark Int'l. Inc., 697 F.3d 387, 411 (6th Cir. 2012) cert. granted, 2013 WL 182751 (June 3, 2013). Again, the Court concludes that Plaintiff Newsboys Inc. lacks standing to assert any infringement claims.

To state a claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, Plaintiff Campbell must allege plausible factual allegations that: (1) he owns the registered trademark; (2) the Defendants used the mark in commerce; and (3) the use Defendants' use of the trademark was likely to cause confusion about the source of the product. Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009). The registrant of a trademark is entitled to the "exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration." 15 U.S.C. § 1115(a).

To state a claim for false designation of origin under 15 U.S.C. § 1125(a), Plaintiff Campbell must allege facts tending to establish that: (1) the false designation has a substantial economic effect on interstate commerce; and (2) the false designation creates a likelihood of confusion. Johnson v. Jones, 149 F.3d 494, 502 (6th Cir. 1998). For each of these claims, the plaintiff must show that customers are likely to be confused about the source of the goods offered by each party. Interactive Products Corp. v. a2z Mobile Office Solutions, Inc., 326 F.3d 687, 694 (6th Cir. 2003); Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr., 109 F.3d 275, 288 (6th Cir. 1997). The trademark infringement and false designation of origin laws apply only if the defendant is "using the challenged mark in a way that identifies the source of their

6

goods." Interactive Products, 326 F.3d at 695. The Sixth Circuit employs an eight-factor test to determine the likelihood of consumer confusion, but the eight factors do not require onsideration, if the likelihood of confusion as to the source or origin of the products is entirely absent. Hensley, 579 F.3d at 610.

In Hensley, the Sixth Circuit affirmed an order of dismissal for failure to state a claim under the Lanham Act where that defendant's use of Jim Hensley's name in advertisements did not create confusion about the source of the goods being advertised. Id. at 610-11, 114. There, the defendant clearly identified itself as the source and seller of the product and clearly denoted that Jim Hensley was the product's designer, was no longer affiliated with the defendant. Id. In Interactive Products, the Sixth Circuit affirmed an award of summary judgment where the defendants' use of plaintiff's trademarked product name in their website URL did not create confusion about the source of either party's products. Interactive Products, 326 F.3d at 695-96. In such instances, the trademark laws simply did not apply. Id.

Here, Plaintiff Campbell's factual allegations of customer confusion between the Newsboys and New Boyz names does not include any factual allegations of confusion about the source of each band's marketed music. Plaintiff Campbell's registered trademark covers only "live musical performances of a religious nature rendered by a group." (Docket Entry No. 18, Defendant's Memorandum, Exhibit A attached thereto) "A registered trademark holder's protectable interest is limited to those goods or services described in its registration." Applied Info. Sciences Corp. v. eBay, Inc., 511 F.3d 966, 970 (9th Cir. 2007). Plaintiff Campbell's first amended complaint alleges that "consumers are likely to believe that Defendant is in some way

7

connected with, sponsored or licensed by or otherwise related to Plaintiff," this is a mere legal conclusion and is not entitled to the presumption of truth. (Docket Entry No. 31, First Amended Complaint, at ¶ 36). The exhibits attached to the amended complaint reflect that three consumers sent letters about "New Boyz" to the "NewBoys"'s mailing address, but those consumers did not express any confusion about the music of the two bands as affiliated. (Docket Entry No. 31-1 at 9-18). One fan writes on a New Boyz message board, "Must be a different group from the Christian band Newsboys." Id. at 19. The copy of the internet site seems to underscore the differences in the two bands' music. Id. at 22.

As in Interactive Products, the type of confusion alleged does not relate to the source of the goods, and is insufficient to state a Lanham Act claim. 326 F.3d at 695-96. In fact, fans seem to be clear about the difference between the bands. Because the source of each group's music seems to be clearly identifiable and Plaintiff has not alleged facts showing consumer confusion, the Court again concludes that Plaintiffs have not adequately stated a plausible claim under the Lanham Act. See Hensley, 579 F.3d at 611. Plaintiff Campbell asserts substantially similar allegations to those in his original complaint. The Court earlier held that complaint failed to present plausible claims of consumer confusion given that the groups' "music types are wholly unrelated" and are not likely to be confused in the marketplace. (Docket Entry No. 28, Memorandum at 7).

Plaintiff appears to assert a claim for dilution of the Newsboys trademark, but does not cite the section of the Lanham Act for a trademark dilution claim. (Docket Entry No. 31, First Amended Complaint, at ¶ 33). See 15 U.S.C. § 1125(c). In his first amended complaint,

8

Plaintiff alleges that the Newsboys "name is being diluted" by Defendants' use of the name New Boyz. Id.

The owner of a trademark can assert a dilution claim against a party using a similar name or mark where use of that mark is "likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury." 15 U.S.C. § 1125(c)(1). To state a claim for dilution by tarnishment, plaintiffs must allege the likelihood of damage to its reputation caused by association of its mark with the defendant's mark. 15 U.S.C. § 1125(c)(2)(C). For trademark dilution claim, Plaintiff must allege plausible facts of blurring of the trade names and the likelihood of some lessening of the mark's capacity to identify and distinguish plaintiff's goods or services. 15 U.S.C. § 1125(c)(2)(B).

Yet, "where the marks at issue are not identical, the mere fact that consumers mentally associate the junior user's mark with a famous mark is not sufficient to establish actionable dilution . . . [S]uch mental association will not necessarily reduce the capacity of the famous mark to identify the goods of its owner, the statutory requirement for dilution." Moseley v. V Secret Catalogue, Inc., 537 U.S. 418, 433 (2003). Here, Plaintiff Campbell fails to allege any facts tending to show a reduced capacity of consumers to identify music marketed by the Newsboys or any likelihood of confusion in the market for the association of the Newsboys and New Boyz marks by its customers.

As in its earlier ruling, the Court deems the rationale on the Lanham Act claims to apply with equal force to Plaintiffs' state law claims for trademark infringement. (Docket Entry No.

9

28, Memorandum at 8).The Court also notes that Plaintiff Campbell's trademark is not allleged to be registered in Tennessee.  Again, the Court concludes that Plaintiff Campbell has not alleged sufficient plausible facts to show a likelihood of consumer confusion and thus, Plaintiff Campbell's state law claims should also be dismissed for failure to state a claim.

For these reasons, the Court concludes that the Defendants' motion to dismiss (Docket Entry No. 33) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 10\_ day of July, 2013

William J. Haynes, Jr.
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NEWSBOYS, INC., and WESLEY CAMPBELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:12-cv-0678 |
| | ) Chief Judge Haynes |
| WARNER BROS. RECORDS INC., WARNER MUSIC INTERNATIONAL, and NEW BOYZ, EARL "Ben J" BENJAMIN, and DOMINIC "Legacy" THOMAS, | ) ) ) ) ) |
| Defendants. | ) |

O R D E R

In accordance with the Memorandum filed herewith, Defendants' motion to dismiss (Docket Entry No. 33) is **GRANTED** and this action is **DISMISSED with prejudice**.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 10th day of July, 2013.

William J. Haynes, Jr.
Chief Judge
United States District Court